PEOPLE, PLAINTIFF AND APPELLEE, *v.* CAMUÑAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution for the Sale of Adulterated Milk.

No. 1380.—Decided April 11, 1919.

PURE FOOD—ADULTERATED MILK—INFORMATION.—It is now a public offense in Porto Rico to adulterate or dilute milk with the intent to offer it for sale, to cause or permit such milk to be offered for sale, or to sell, or offer or keep it for sale; but having such milk with an intent undiscovered by any act of selling it as pure milk is not an offense.

The facts are stated in the opinion.

*Messrs. F. Cervoni Gely* and *C. Domínguez Rubio* for the appellant.

*Mr. Salvador Mestre, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The pertinent part of the information filed by the district attorney in this case is as follows:

"That the said Lorenzo Camuñas, on the 19th day of February, 1918, in Guayama, P. R., of the judicial district of the same name, unlawfully, wilfully and maliciously and with the intention of offering the same for sale as pure, had in his possession milk adulterated with water, which was not intended for industrial purposes."

The information also states that it is based on the Act of March 10, 1910, to provide a punishment for adulterating milk or offering or keeping the same for sale. As provided by that Act, the offense is committed by every person—

1. Who adulterates or dilutes milk with the intent to offer the same for sale; or

2. Who causes or permits it to be offered for sale; or

3. Who sells; or

4. Who offers; or

5. Who keeps adulterated or diluted milk for sale.

Comparing the information with the act, it is observed that the alleged offense with which the defendant is charged, *i. e.,* having in his possession adulterated milk with the intention of offering it for sale as pure, is not covered by the act.

This fact is shown much more clearly by an analysis of the evidence, for although it proves that the defendant had a milkstand in Cayey, the fact is that the milk was seized when he was leaving Guayama, and although he was transporting it to his milkstand, he certainly was not offering or keeping it for sale at that time.

The judgment must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.